## Pledge of Assets by Corporate Fiduciaries

SAYLOR, Deputy Attorney General, June 14, 1934.—You have asked whether an institution which has pledged assets with authorities of another State as a guaranty for the faithful performance of trusts assumed by such institution in such other States, may (a) be required by you to terminate the pledge and secure the return of the assets pledged; and, if not, may (b) accept new trusts after July 3, 1933, without a written stipulation that the pledge shall not extend as a guaranty of the faithful performance of such new trusts.

You suggest such pledges are prohibited by section 1004 of the Banking Code of May 15, 1933, P. L. 624, which prohibits the pledge of assets by a bank or a bank and trust company as security for deposits made with it, except in certain instances. We do not believe that that section of the Banking Code has any application to the problem now before us. What we are here concerned with is the pledge of assets to qualify an institution as a fiduciary, not to secure money deposited with it.

A bank and trust company or a trust company may act as trustee, guardian, receiver, executor, administrator, etc., under the provisions of section 1103 of

the Banking Code. Section 1106 provides that it shall not be required to execute the bond or put up the security required by law of fiduciaries, its capital being considered as security for the faithful performance of its duties. But this exemption does not extend beyond the borders of the Commonwealth.

If a neighboring State is willing to permit a bank and trust company or a trust company of Pennsylvania to act as a fiduciary in such State, it may impose upon the institution such terms as it deems necessary to protect its residents who are beneficiaries of the estates for which the institution acts as fiduciary. It may require posting of securities or other assets of the fiduciary with the authorities of the State or with the court having jurisdiction.

There is no reason why a Pennsylvania corporate fiduciary should not comply with such requirements. If it does so, it does not violate any provisions of the banking laws.

Our reasons for this conclusion follow:

1. A Pennsylvania bank and trust company or trust company has the power to serve in a fiduciary capacity beyond the boundaries of the Commonwealth. This power is not specifically recited in the Banking Code. But it is a power that many of our corporate fiduciaries have exercised for years, the existence of which the code by the strongest implication recognizes (sec. 1506b) :

"A corporation, organized under the laws of any state of the United States other than Pennsylvania, shall not have authority to act in this Commonwealth as trustee, guardian, executor, administrator, or in any other similar fiduciary capacity, unless it shall be appointed such fiduciary by any last will and testament, or codicil thereto, or other testamentary writing, or by deed of trust inter vivos, or by any court or register of wills of this Commonwealth, and unless the laws of such other state confer like powers upon corporations organized under the laws of this Commonwealth, but such corporations organized under the laws of another state shall be required to give such bond or other security as shall be deemed adequate by the court or register of wills in the Commonwealth having jurisdiction over the estate of which the corporation is acting as trustee, guardian, executor, administrator, or similar fiduciary."

2. Having the power to serve as fiduciary in another State, a Pennsylvania institution is authorized to meet the prerequisites to such service imposed by the laws of that State and not prohibited by Pennsylvania law. Section 1506b contemplates that the pledging of assets by the institution is a requirement to qualification that a foreign State may impose. Foreign corporations "shall be required to give such bond or other security" as Pennsylvania courts or registers of wills require. Conceivably they may require the pledge of assets. Under the reciprocal provisions of the law, Pennsylvania corporate fiduciaries may be required to make such pledge in other States where they desire to function.

It is our opinion that they may do so under the Banking Code. They may continue old pledges and make new ones.

Therefore, you are advised that you need not require an institution to terminate a pledge of assets made by it prior to July 3, 1933, in another State to qualify as a fiduciary therein, and that it is legal for an institution after July 3, 1933, to continue in another State its pledge of assets as a guaranty for the faithful performance of trusts assumed after that date.

From C. P. Addams, Harrisburg, Pa.